***EFILED***
Case Number 2023LA001606
Date: 11/21/2023 3:20 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**EXHIBIT A**

## IN THE CIRCUIT COURT OF
## THE THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| Timothy Blasa, | ) | |
| | ) | |
| Plaintiff, | ) | **2023LA001606** |
| | ) | |
| v. | ) | Case No.: 2023-LA-_____ |
| | ) | |
| Shell USA, Inc., | ) | |
| Phillips 66 Company, | ) | |
| Aton, LLC, | ) | |
| Safety Kleen Systems, Inc., | ) | |
| 3M Company, *f/k/a* Minnesota Mining | ) | |
| and Manufacturing Company, | ) | |
| Tyco Fire Products, L.P., successor in | ) | |
| interest to The Ansul Company, | ) | |
| Chemguard, | ) | |
| E. I. du Pont de Nemours & Co., | ) | |
| National Foam, Inc., | ) | |
| HWRT Oil Company, | ) | |
| Williams Fire & Hazard Control, Inc., | ) | |
| Johnson Controls, Inc. | ) | |
| Angus International Safety Group, Ltd., | ) | |
| Angus Fire Armour Corporation, | ) | |
| Carrier Global Corporation, | ) | |
| United Technologies Corporation, | ) | |
| Kidde PLC Inc., and | ) | |
| Kidde-Fenwalfire Fighting, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Timothy Blasa ("Plaintiff"), through Ted N. Gianaris and Joshua A. Edelson of Gianaris Trial Lawyers, LLC, states and alleges as follows for his Complaint against the Defendants named herein:

### GENERAL ALLEGATIONS

1. Plaintiff currently resides in Bethalto, Madison County, Illinois.

2.      Plaintiff was born and raised in Wood River, Madison County, Illinois and was provided drinking water by the City of Wood River for many years that contained elevated levels of per-and polyfluoroalkyl substances chemicals ("PFAS").

3.      This is a case for damages based on Plaintiff's testicular cancer diagnosis on December 23, 2021, that was caused or contributed to by Plaintiff's exposures to PFAS, trichlorethylene ("TCE"), and other toxic chemicals manufactured, sold, distributed, marketed, designed, supplied, stored, and/or used by Defendants.

4.      PFAS are human-made, synthetic chemicals that do not exist naturally in the environment and are chemicals within many fire-fighting foams and utilized in a variety of industrial processes, such as chrome plating.

5.      PFAS are known as "forever" chemicals because they are extremely persistent in the environment and resistant to typical environmental degradation processes.

6.      The persistence of PFAS and their resistance to biodegradation leads to their accumulation in the environment.

7.      PFAS chemicals behave differently depending on their makeup, but generally absorb poorly and tend to be mobile in soil and groundwater systems.

8.      This combination of properties enables PFAS to readily migrate in soil, groundwater, and/or surface water and expose humans, such as Plaintiff, to PFAS through ingestion of contaminated drinking water, such as the water provided by the City of Wood River.

9.      Defendants, HWRT Oil Company and Aton, LLC, Inc., and are all corporations either organized under the laws of the State of Illinois or with their principal places of business located within the State of Illinois.

10.     Venue in this matter is also proper in the Circuit Court of Madison County, Illinois, pursuant to 735 ILCS 5/2-101 (2), in that, at all relevant times herein, it is the county in which the transaction or some part thereof occurred out of which this cause of action arises.

11.     This Court has jurisdiction over all Defendants pursuant to 735 ILCS 5/2-209 because Plaintiff was exposed to the cancer-causing chemicals in the State of Illinois and each Defendant committed a tortious act within this State.

## COUNT 1
## VS. PFAS DEFENDANTS
## (NEGLIGENCE)

1.      Plaintiff brings Count 1 against Defendants 3M Company, *f/k/a* Minnesota Mining and Manufacturing Company ("3M"), Tyco Fire Products, L.P., successor in interest to The Ansul Company ("Tyco"), Chemguard ("Chemguard"), E. I. du Pont de Nemours & Co. ("Dupont"), National Foam, Inc. ("National Foam"), Williams Fire & Hazard Control, Inc. ("Williams"), and Johnson Controls, Inc. ("Johnson") Angus International Safet Group, Ltd. ("Angus"), and Angus Fire Armour Corporation ("Angus Fire") Carrier Global Corporation ("Carrier"), United Technologies Corporation ("UTC"), Kidde PLC Inc. ("Kidde"), and Kidde-Fenwal Fire Fighting, Inc. ("Kidde-Fenwal") (collectively the "PFAS Defendants").

2.      At all times relevant herein, PFAS chemicals manufactured and sold by PFAS Defendants were emitted, leaked, spilled, dumped, and otherwise discharged into the air and surface/ground/drinking water in and around where Plaintiff lived.

3.      While Plaintiff resided in the City of Wood River, Plaintiff was exposed to elevated levels of PFAS chemicals in his drinking water, which he ingested over a long period of time.

4.      PFAS Defendants knew, or should have known, that toxic PFAS chemicals do not degrade in the environment and would inevitably enter Plaintiff's drinking water and have a toxic,

poisonous, cancerous, and highly deleterious effect upon the health of person ingesting or otherwise absorbing the toxic PFAS chemicals, such as Plaintiff.

5.     At all relevant times, PFAS Defendants had a duty to exercise reasonable care and caution for the safety, health, and welfare of Plaintiff and others living in close proximity to industrial facilities that utilize high amounts of PFAS chemicals.

6.     PFAS Defendants breached its duties and failed to exercise ordinary care by developing, manufacturing, and/or selling cancerous chemicals, PFAS, that, without any warning whatsoever, do not degrade in the environment and inevitably entered Plaintiff's drinking water supply and then Plaintiff's bloodstream have a toxic, poisonous, cancerous, and highly deleterious effect upon Plaintiff.

7.     PFAS Defendants had actual knowledge that PFAS chemicals posed a high probability of a known health risk to the people living, such as Plaintiff, near industrial facilities that utilized high amounts of PFAS chemicals, which would inevitably enter Plaintiff's drinking water.

8.     As a direct and proximate result of the carelessness and negligence of PFAS Defendants, Plaintiff was exposed to, ingested, and/or otherwise absorbed toxic PFAS chemicals over a prolonged period, thereby causing, or contributing to cause, Plaintiff to develop testicular cancer and suffer damages therefrom.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor against the PFAS Defendants, jointly and severally, to award compensatory damages in excess of $50,000.00 and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems appropriate.

## COUNT 2
## VS. PFAS DEFENDANTS
## (STRICT LIABILITY – DESIGN DEFECT)

1.     PFAS Defendants knew or should have known: (a) exposure to PFAS is hazardous to the environment and to human health; (b) the manner in which they were manufacturing, marketing, distributing, and selling products containing PFAS was hazardous to human health and the environment; and (c) the manner in which they were manufacturing, marketing, distributing, and selling products containing PFAS could, and would, result in the contamination of the City of Wood River water supply.

2.     Knowing of the dangerous and hazardous properties of PFAS chemicals, PFAS Defendants could have manufactured, marketed, distributed, and sold alternative designs or formulations of products that contained PFAS chemicals in a manner that did not contain hazardous, toxic, and poisonous PFAS.

3.     These alternative designs and formulations were already available, practical, and/or technologically feasible.

4.     The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property caused by the PFAS Defendants' manufacturing, marketing, distribution, and/or sale of products containing hazardous, toxic, and poisonous PFAS chemicals.

5.     The products containing PFAS chemicals, such as AFFF, that were manufactured, marketed, distributed, and/or sold by the PFAS Defendants were so hazardous, toxic, poisonous, and dangerous to human health and the environment that the act of designing, formulating, manufacturing, marketing, distributing, and/or selling such products was unreasonably dangerous under the circumstances.

6.      The products containing PFAS chemicals designed, formulated, manufactured, marketed, distributed, and/or sold by the PFAS Defendants were defectively designed and the foreseeable risk of harm could, and would have, been reduced, or eliminated by the adoption of a reasonable alternative design that were not unreasonably dangerous and would not have entered into Plaintiff's drinking water and resulted in injuries to Plaintiff.

7.      PFAS Defendants' failure to design reasonably safe products directly and proximately caused the harm to, and damages suffered, by Plaintiff and makes the PFAS Defendants strictly liable for such injuries.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor and against the PFAS Defendants, jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

### COUNT 3
### VS. PFAS DEFENDANTS
### (STRICT LIABILITY – FAILURE TO WARN)

1.      PFAS Defendants knew or should have known: (a) exposure to PFAS is hazardous to the environment and to human health; (b) the manner in which they were manufacturing, marketing, distributing, and selling products containing PFAS was hazardous to human health and the environment; and (c) the manner in which they were manufacturing, marketing, distributing, and selling products containing PFAS could, and would, result in the contamination of the City of Wood River water supply.

2.      Knowing of the dangerous and hazardous properties of PFAS chemicals, PFAS Defendants could have manufactured, marketed, distributed, and sold its products that contained

PFAS chemicals with a warning that such products contained hazardous, toxic, cancerous, and/or poisonous PFAS chemicals that do not degrade in the environment.

3.      A warning to end-users on its products containing PFAS chemicals was available, practical, and/or feasible.

4.      A warning would have reduced or prevented the reasonably foreseeable harm to persons and property caused by the PFAS Defendants' manufacturing, marketing, distribution, and/or sale of products containing hazardous, toxic, and poisonous PFAS chemicals and would have resulted in less, if any, environmental contamination from such products.

5.      The products containing PFAS chemicals, such as AFFF, that were manufactured, marketed, distributed, and/or sold by the PFAS Defendants did not contain any such warnings.

6.      PFAS Defendants' failure to warn of the dangers associated with use of its products containing PFAS chemicals directly and proximately caused the harm to, and damages suffered, by Plaintiff and makes the PFAS Defendants strictly liable for such injuries.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor and against the PFAS Defendants, jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

## COUNT 4
## VS. INDUSTRIAL DEFENDANTS
## (NEGLIGENCE)

1.      Plaintiff worked for and lived around facilities owned and operated by Shell Oil Company, Phillips 66 Company, Aton, LLC, Olin Corporation, and HWRT Oil Company (collectively "Industrial Defendants").

2.     At all times relevant herein, PFAS chemicals were emitted, leaked, spilled, dumped, and/or otherwise discharged into the air and surface/ground/drinking water of the City of Wood River by Industrial Defendants.

3.     While Plaintiff resided, stayed, spent time, and/or worked within the City of Wood River, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed toxic PFAS chemicals, which was emitted, leaked, spilled, dumped, and otherwise discharged into the air and surface/ground/drinking water by Industrial Defendants.

4.     Industrial Defendants knew, or should have known, that toxic PFAS chemicals had a toxic, poisonous, cancerous, and highly deleterious effect upon the health of person inhaling, ingesting, or otherwise absorbing the toxic PFAS chemicals, such as Plaintiff.

5.     At all relevant times, Industrial Defendants also knew or should have known that PFAS chemicals are highly toxic, do not degrade in the environment, and should not be emitted, leaked, spilled, dumped, and/or otherwise discharged into the air and surface/ground/drinking water and failed to do anything substantial to stop, clean up or, in any way, remediate the release of PFAS chemicals into Plaintiff's environment or to stop the harmful effects PFAS has had on Plaintiff.

6.     Industrial Defendants had, or should have had, actual knowledge that such conduct posed a high probability of a known health risk to the people living, such as Plaintiff, near its facilities.

7.     At all relevant times, Industrial Defendants had a duty to exercise reasonable care and caution for the safety, health, and welfare of Plaintiff and others living in close proximity its facilities where toxic PFAS chemicals were being used, processed, stored, emitted, and/or transported.

8.      Industrial Defendants breached its duties and failed to exercise ordinary care by emitting, leaking, spilling, dumping, and/or otherwise discharging toxic PFAS chemicals into the air and surface/ground/drinking where Plaintiff lived.

9.      As a direct and proximate result of the carelessness and negligence of Industrial Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed toxic PFAS chemicals over a prolonged period, thereby causing, or contributing to cause, Plaintiff to develop testicular cancer, and suffer damages therefrom.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor against the Industrial Defendants, jointly and severally, to award compensatory damages in excess of $50,000.00 and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems appropriate.

### COUNT 5
### VS. INDUSTRIAL DEFENDANTS
### (STRICT LIABILITY – ULTRAHAZADOUS ACTIVITY)

1.      The Industrial Defendants engaged in an ultra-hazardous activity by owning, constructing, operating, managing, storing, disposing, and/or maintaining a facility that utilized large amounts products containing PFAS chemicals.

2.      At all relevant times, Industrial Defendants knew or should have known that PFAS chemicals are highly toxic, do not degrade in the environment, and should not be emitted, leaked, spilled, dumped, and/or otherwise discharged into the air and surface/ground/drinking water and failed to do anything substantial to stop, clean up or, in any way, remediate the release of PFAS chemicals into Plaintiff's environment or to stop the harmful effects PFAS has had on Plaintiff.

3.      The Industrial Defendants' engagement in the aforementioned ultrahazardous activity caused the drinking water for the City of Wood River to contain elevated and unsafe levels of PFAS chemicals, which Plaintiff ingested over a long period of time.

4.      As a direct and proximate result of engagement in the aforementioned ultrahazardous activity by the Industrial Defendants, Plaintiff ingested harmful amounts of PFAS chemicals and eventually caused Plaintiff to develop testicular cancer and suffer damages therefrom.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor against the Industrial Defendants, jointly and severally, to award compensatory damages in excess of $50,000.00 and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems appropriate.

### COUNT 6
### SAFETY-KLEEN SYSTEMS, INC.
### (NEGLIGENCE)

1.      At all times herein set forth, Defendant, Safety-Kleen Systems, Inc. ("Safety-Kleen"), manufactured, sold, distributed, or supplied materials, products and/or equipment containing and emitting TCE, which were being employed by Plaintiff in the manner and for the purposes for which they were intended by Safety-Kleen. These materials, products, and/or equipment included, but are not limited to, the sale, manufacture, distribution, and/or supply of: thinners, mineral spirits, solvents, degreasers, parts cleaners, parts and/or tool washing solvents, and/or parts and/or tool washing equipment.

2.      Plaintiff's exposure to and inhalation, ingestion, and absorption of TCE from said products/materials were completely foreseeable and could or should have been anticipated by Safety-Kleen.

3.       Safety-Kleen knew or should have known the TCE contained in its materials/products/equipment were hazardous and had a toxic, poisonous, and highly deleterious effect upon the health of persons, including Plaintiff, inhaling, ingesting, absorbing through the skin or otherwise absorbing them.

4.       Plaintiff was unaware of the hazards of exposure to TCE, specifically the effects of long-term exposure.

5.       At all times herein relevant, Safety-Kleen had a duty to exercise reasonable care and caution for the safety of Plaintiff and others who worked with and/or around said materials/products/equipment by including TCE as an ingredient and failing to warn end-users of the cancerous effects of exposure to TCE from said products.

6.       As a direct and proximate result of one or more of the foregoing acts or omissions on the part of Safety-Kleen, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed TCE in sufficient amount to cause, or contribute to cause, testicular cancer and suffer damages therefrom.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor and against Defendant, Safety-Kleen Systems, Inc., jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

### COUNT 7
### SAFETY-KLEEN SYSTEMS, INC.
### (Strict Liability)

1.       At all times herein set forth, Safety-Kleen manufactured, sold, distributed, or supplied materials, products and/or equipment containing TCE, which were being employed by Plaintiff in the manner and for the purposes for which they were intended by Safety-Kleen.

2.     These materials, products, and/or equipment included, but are not limited to, the sale, manufacture, distribution, and/or supply of: thinners, mineral spirits, solvents, degreasers, parts cleaners, parts and/or tool washing solvents, and/or parts and/or tool washing equipment.

3.     Plaintiff's exposure to and inhalation, ingestion, and absorption of TCE from said products/materials/equipment were completely foreseeable and could or should have been anticipated by Safety-Kleen.

4.     Said materials/products/equipment were in a defective and unreasonably dangerous condition at the time they left the control of Safety-Kleen in that:

   a) they contained and incorporated, a hazardous/carcinogenic substance, in a manner that would be inhaled, ingested, or absorbed by end-users and were not accompanied by any, or adequate, warnings or instructions regarding the hazards associated with the regular, expected and intended use of said materials/products and/or any such warning or instructions were not adequate; and/or,
   b) they contained and incorporated, a hazardous/carcinogenic substance, in a manner that would be inhaled, ingested, or absorbed by end-users and were more dangerous than an ordinary consumer would anticipate.

5.     The Safety-Kleen parts cleaning machine was defectively designed in that it did not incorporate appropriate engineering controls to exhaust the TCE away from workers, like Plaintiff.

6.     Said materials/products/equipment reached the end-users and the point of exposure in substantially the same condition as when they left the control of Safety-Kleen.

7.     At all relevant times, said materials/products were used by Plaintiff in the manners and environments anticipated, expected, and intended by Safety-Kleen, and which were reasonably foreseeable to Safety-Kleen.

8.     As a direct and proximate result of the carelessness and negligence of Industrial Defendants, Plaintiff was caused to be exposed to, inhaled, ingested, and/or otherwise absorbed

toxic PFAS chemicals over a prolonged period, thereby causing, or contributing to cause, Plaintiff to develop testicular cancer, and suffer damages therefrom.

WHEREFORE, Plaintiff, Timothy Blasa, prays this Court to enter judgment in his favor and against Defendant, Safety-Kleen Systems, Inc., jointly and severally, to award compensatory damages more than the jurisdictional limit for this court, and to grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

**GIANARIS TRIAL LAWYERS, LLC**

By: */s/ Joshua A. Edelson*_____
    Ted N. Gianaris, IL #6237156
    Joshua A. Edelson, IL #6326848
    One Court Street
    Alton, IL 62002
    (618) 619-0010
    (618) 259-2251 (Fax)
    tgianaris@lawforpeople.com
    jedelson@lawforpeople.com
    *Attorneys for Plaintiff*